174 So. 307

## STEWART v. CHAPMAN.

### 4 Div. 950.

Supreme Court of Alabama.

May 13, 1937.

E. C. Boswell, of Geneva, for appellant.

Mulkey & Mulkey, of Geneva, for appellee.

KNIGHT, Justice.

The bill in this cause was filed by complainant against the appellee, Chapman, seeking a dissolution of the partnership

174

then existing between the complainant and the said Chapman, and conducted under the firm or partnership name of C. D. Chapman & Co. The partnership had been engaged for a number of years in a general mercantile business in the town of Geneva, Ala. Much of its business was conducted on a credit basis, and at the time the bill was filed there was due and owing to the partnership a large amount of money, representing sales made on credit to its customers.

It also appears that the said partnership was indebted to various parties in an amount in excess of $50,000, for money borrowed, and for merchandise it had purchased.

The appellee Chapman, owned ten-twelfths of the business, the appellant one-twelfth, and the remaining one-twelfth was nominally owned by one Breckenridge.

It appears from the bill, as well as from the evidence submitted on final hearing, that Chapman was the general manager of the business of the partnership, at a stated monthly salary, and that complainant also worked in the store at a monthly salary of $85, and later increased to $110.

It appears that both Chapman and the complainant permitted their salaries to be credited to their accounts in the partnership, and drew from time to time on the partnership funds for what money they needed. Likewise, the "dividends" (profits) accruing to each were passed to their respective accounts.

The partnership, up to March, 1929, did a good business, and had accumulated considerable assets, represented by merchandise and book accounts. However, about the 16th day of March, 1929, a great disaster, due to flood waters, befell the town of Geneva, and surrounding territory. The stores of C. D. Chapman & Co. were flooded with water to the depth of about twelve feet, its entire stock of merchandise was greatly damaged, entailing a tremendous monetary loss.

The complainant on July 23, 1929, filed her bill to dissolve the partnership, for the appointment of a receiver to wind up its affairs, and for an accounting. In her bill she averred that, after the mercantile stock had been damaged by the flood waters, the appellee excluded her from the business, and took complete charge and control of the same.

On submission of the cause, the court (Pearce, Judge) ordered and decreed a dissolution of the partnership as of June 26, 1929 (this by agreement of the parties), and ordered a reference to the register for "the purpose of ascertaining, auditing and stating the assets and liabilities of the partnership business, the accounts of the partners with the same and with each other."

By this decree, the court ascertained that complainant owned a one-twelfth interest in said partnership business, and the said C. D. Chapman owned ten-twelfths interest therein, and made no mention as to the ownership of the remaining one-twelfth interest. The court further decreed that each of said parties was entitled to participate in that proportion in the distribution of the assets of said partnership, after the debts had been paid and discharged. At the time of the rendition of the decree the said Breckenridge, the remaining partner, was supposed to own a one-twelfth interest in said business. It subsequently developed that this partner had drawn out more than the value of his interest, and he was eliminated from participation in the division of the assets of the partnership remaining after the payment of its debts.

By agreement of the parties the order directing the register to hold a reference, as directed in the decree of January 19, 1931, was set aside, and it was agreed that the court, upon the evidence noted in the cause, should proceed to render such decree on the whole case as the pleadings and proof would justify.

The court, thereupon, found and decreed that the respondent, C. D. Chapman, had received, and should be charged with, assets belonging to the partnership of C. D. Chapman & Co. in the sum of $66,015.40; that he was entitled to be credited with the sum of $48,334.86 for moneys paid out by him to the general creditors of the said partnership, leaving a balance in the hands of said Chapman of $17,680.54.

Out of the balance, the court ordered and directed the said Chapman to pay the remaining liabilities "still due and owing to the general creditors by the partnership of C. D. Chapman & Company in the sum of $13,767.67," leaving only a balance of $3,-912.87 to be distributed to the members of said partnership.

The court, thereupon, ascertained and decreed that, on June 26, 1929, the said partnership was indebted to Miss Mae Stewart, the complainant, in the sum of $5,270.02, and to said C. D. Chapman in the

sum of $47,467.16 (representing capital investment, "dividends" and accumulated salaries not theretofore drawn out by them), and directed the balance remaining of the assets of said partnership to be applied ratably to the payment of the amounts due the complainant and the said Chapman; in short that each should be paid 7½ per cent. of the amount of their said debts.

The question presented by the appeals, direct and cross, is one of fact only.

We have carefully read all the evidence in the case, and we cannot affirm that the trial court committed error in its decree against either party to the litigation. The appellee, Chapman, was certainly fair and generous to the appellant during their long association prior to the time of the destructive flood of March, 1929, and it is certain that he did not exclude the complainant from participating in the conduct of the business after the flood waters had subsided, and the work of reclamation and rehabilitation was undertaken. Instead of excluding her, he urged her to remain and aid in the work of re-establishing the business. This she steadfastly declined to do. That the creditors were paid and something was saved from the fearful wreckage is due to the unaided and tireless efforts of the appellee. Instead of finding something in the evidence to show a disposition to wrong, or to take advantage of the complainant, or of any one else, connected with the business, the evidence shows commendable efforts were made on the part of appellee to handle the affairs of this unfortunate partnership in a way that would best conserve the interest of the creditors, as well as of the partners.

The contention of appellant that the court erred in not charging the appellee, on the settlement, with the book value of the assets, as of June 26, 1929, instead of with the ascertained actual value, does not approach sufficiently near to merit as to call for discussion. In this connection, it only remains to be said that the court fixed the actual value of the assets as high as the facts of the case would justify. The appellant has no just ground of complaint against the action of the court in this regard, nor, indeed, in any part of its decree.

On a consideration of the whole evidence we are in full and complete accord with the findings and decree of the court below, and find nothing to justify a re-

versal of the decree, either on the direct or cross appeal. The decree will be allowed to stand, and the cause affirmed on both appeals. Two thirds of the cost of appeal will be taxed against appellant, and one-third against appellee.

Affirmed on direct and cross appeals.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.